IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEONARD HEARNS, | No. C 12-6407 LHK (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| C. KEO, et al., | |
| Defendants. | |

Plaintiff, proceeding *pro se*, filed a federal civil rights complaint pursuant to 42 U.S.C. § 1983. On April 4, 2013, the court partially dismissed the complaint and ordered service upon named defendants. Defendants have filed a motion to dismiss for failure to exhaust. Plaintiff has filed an opposition, and defendants have filed a reply. After reviewing the pleadings, and for the reasons stated below, the court GRANTS defendants' motion to dismiss.

## BACKGROUND

In the complaint, plaintiff states that on November 26, 2010, another inmate named Houk ("Inmate Houk"), a documented and known violent inmate, was out of his cell at 7:00 p.m. Plaintiff alleges that Inmate Houk was forbidden to be out of his cell after 4:00 p.m. According to plaintiff, defendants J. Harget and J. Swangler instructed defendant C. Keo to let Inmate Houk out. About thirty minutes later, plaintiff saw Inmate Houk using the phone at a time when plaintiff's cellmate was supposed to be using the phone. Plaintiff asked Inmate Houk to hang up

so that plaintiff's cellmate could use the phone. Inmake Houk jumped up and attacked plaintiff. Correctional staff eventually had to use pepper spray to gain control of the situation. As a result, Inmate Houk was sent to administrative segregation and given a rules violation report for battery. Defendants J. Swangler, John Doe, and J. Stevenson also charged plaintiff with fighting with Inmate Houk, and plaintiff was found guilty. Liberally construed, the court found that plaintiff had stated a cognizable claim that defendants J. Harget, J. Swangler, and C. Keo were deliberately indifferent to his safety needs and failed to protect him, in violation of the Eighth Amendment.

**DISCUSSION**

In their motion to dismiss, defendants argue that this action should be dismissed because plaintiff has filed to exhaust his claim.

A. <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is an affirmative defense; that is, defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. *Id.* at 1120.

The State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal

1  form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the
2  Director of the California Department of Corrections and Rehabilitation ("Director").  *See Barry*
3  *v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A
4  final decision from the Director's level of review satisfies the exhaustion requirement under
5  Section 1997e(a).  *See Barry*, 985 F. Supp. at 1237-38.

6        Defendants have the burden of raising and proving the absence of exhaustion, and
7  inmates are not required to specifically plead or demonstrate exhaustion in their complaints.
8  *Jones v. Bock*, 549 U.S. 199, 215-17 (2007).  As there can be no absence of exhaustion unless
9  some relief remains available, a movant claiming lack of exhaustion must demonstrate that
10 pertinent relief remained available, whether at unexhausted levels or through awaiting the results
11 of the relief already granted as a result of that process.  *Brown v. Valoff*, 422 F.3d 926, 936-37
12 (9th Cir. 2005).

13 B.     <u>Analysis</u>

14       Compliance with prison grievance procedures is all that is required by the PLRA to
15 "properly exhaust." *Jones*, 549 U.S. at 217-18.  In California, the regulation requires the
16 prisoner "to lodge his administrative complaint on CDC form 602 and 'to describe the problem
17 and action requested.'" *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (quoting Cal. Code
18 Regs. tit. 15 § 3084.2(a)).  Where a prison's grievance procedures do not specify the requisite
19 level of factual specificity required in the grievance, "'a grievance suffices if it alerts the prison
20 to the nature of the wrong for which redress is sought.'" *Griffin v. Arpaio*, 557 F.3d 1117, 1120
21 (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).  The grievance
22 need not include legal terminology or legal theories unless they are needed to provide notice of
23 the harm being grieved.  *Id.*  Nor must a grievance include every fact necessary to prove each
24 element of an eventual legal claim.  *Id.*  The purpose of a grievance is to alert the prison to a
25 problem and facilitate its resolution, not to lay groundwork for litigation.  *Id.*  The grievance
26 should include sufficient information "to allow prison officials to take appropriate responsive
27 measures." *Id.* (citation and internal quotation omitted).

28       Here, plaintiff argues that SVSP-L-10-03418 exhausted his federal claim.  A review of

1  SVSP-L-10-03418 reveals that in that grievance, plaintiff complained that he should not have
2  been found guilty of the rules violation report against him for fighting with Inmate Houk.
3  (Mojica Decl., Ex. B.)  The grievance did not accuse defendants of failing to protect plaintiff, or
4  of being deliberately indifferent to plaintiff's safety by releasing Inmate Houk.  Rather,
5  plaintiff's grievance focuses on plaintiff's assertion that plaintiff was the victim of an attack by
6  Inmate Houk, and that plaintiff should not have been found guilty of a rules violation.  (*Id.*)
7  Plaintiff's 602 fails to mention or theorize his federal claim that Inmate Houk was not supposed
8  to be out of his cell at that time, or that defendants knew that Inmate Houk was not supposed to
9  be out of his cell at that time, or that one defendant instructed the others to release Inmate Houk,
10 intimating that the attack was purposeful.  *See, e.g.*, *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir.
11 2010) (grievance that complained of visitation restrictions, and did not mention an assault or
12 theorize that the visitation restriction imposed was related to the assault, was insufficient to put
13 prison officials on notice that staff conduct contributed to the assault); *O'Guinn v. Lovelock*
14 *Correctional Center*, 502 F.3d 1056, 1062, 1063 (9th Cir. 2007) (even with liberal construction,
15 grievance requesting a lower bunk due to poor balance resulting from a previous brain injury
16 was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial
17 of mental health treatment in violation of the ADA and Rehabilitation Act).

18      Even liberally construed, this appeal could not have alerted prison officials that plaintiff
19 believed defendants were deliberately indifferent to his safety and failed to protect him.  *See*
20 *Griffin*, 557 F.3d at 1120.  In addition, the evidence shows that plaintiff filed no administrative
21 appeals regarding a deliberate indifference to safety from November 26, 2012 – the date of the
22 incident – to December 10, 2012 – the date plaintiff filed this federal action.  (Mojica Decl. at ¶
23 8.)  Because no 602 appeal put prison officials on notice of plaintiff's claim that defendants were
24 deliberately indifferent to his safety needs, *see Morton*, 599 F.3d at 946, this claim is not
25 exhausted.

26      Plaintiff has provided no evidence to the contrary, nor does he argue that he is entitled
27 to any exception to the exhaustion requirement.  Thus, because plaintiff has failed to exhaust his
28 administrative remedies prior to filing suit, defendants' motion to dismiss is GRANTED.

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Hearns407mtdexh.wpd      4

**CONCLUSION**

Defendants' motion to dismiss is GRANTED. Judgment shall be entered in favor of defendants. The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 2/5/14

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Hearns407mtdexh.wpd

5